IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **FRANK N. LEIBA, JR.**, <br><br>　　PLAINTIFF, <br><br>v. <br><br> **THE J.D. STUART LAW GROUP, LLC**, **JOHN DAVID STUART**, and **CITIZENS BANK, NA**, <br><br>　　DEFENDANTS. | Case No.: <br><br><br> **JURY TRIAL DEMANDED** |

# COMPLAINT

COMES NOW the above-named Plaintiff, by and through the undersigned counsel, and hereby files this Complaint for violations of the Fair Debt Collection Practices Act and Georgia's Fair Business Practices Act against the above-named Defendants. In support hereof, Plaintiff shows this Honorable Court as follows:

## JURISDICTION AND VENUE

1. This action arises out of Defendants' illegal and improper efforts to collect a consumer debt, violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA"), and Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.* ("FBPA"), and Plaintiff's claims under these statutes are so related that they form the same case or controversy.

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367.

3. This Court has personal jurisdiction over the Defendants for the purposes of this action because the Defendants transact business in the State of Georgia, the committed acts that form the basis for this suit occurred within the State of Georgia, and Defendants are registered to do business within the State of Georgia.

4. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §§ 1391 because many of the acts and transactions giving rise to this action as alleged in this complaint occurred in this District and Defendants regularly seek to collect debts from consumers residing in this District and in the Atlanta Division.

## PARTIES

5. Plaintiff FRANK N. LEIBA, JR. is a natural person who is a resident of Gwinnett County, Georgia, and is a "consumer" as is defined by 15 U.S.C. § 1692a(3), and a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

6. Plaintiff is a "consumer" as that term is defined by O.G.C.A. § 10-1-392(a)(6).

7. Defendant THE J.D. STUART LAW GROUP, LLC ("Stuart Law") is limited liability company organized under the laws of the State of Georgia and does

business within the State of Georgia, particularly within Gwinnett County, Georgia.

8. Defendant Stuart Law's registered agent is Defendant John David Stuart, who has a physical address for service in Cobby County, Georgia at 1825 Barrett Lakes Blvd., Suite 500, Kennesaw, GA 30144.

9. Defendant Stuart Law is a debt collection firm operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant Stuart Law is in the business of debt collection.

11. Defendant Stuart Law uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

12. Defendant Stuart law directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in Georgia and in this judicial district.

13. Defendant Stuart Law regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Defendant Stuart Law holds itself out to the public as a company that frequently collects or attempts to collect debts.

15. Defendant Stuart Law's principal purpose is the collection of debts.

16. Defendant Stuart Law's correspondence states prominently in bold "[Stuart Law] is a debt collector."[1]

17. Defendant Stuart Law is a high volume debt collector.

18. Defendant JOHN DAVID STUART ("Mr. Stuart") is an attorney who does business within the State of Georgia, particularly within Gwinnett County, Georgia.

19. Defendant Mr. Stuart is subject to the State Bar of Georgia Rules of Professional Conduct.

20. Defendant Mr. Stuart is a debt collection attorney operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. Defendant Mr. Stuart is in the business of debt collection.

22. Defendant Mr. Stuart uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

23. Defendant Mr. Stuart directed communications to Plaintiffs using means of interstate commerce while Plaintiff resided in Georgia and in this judicial district.

24. Defendant Mr. Stuart regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

---

[1] *See* Exhibit A.

25. Defendant Mr. Stuart holds himself out to the public as a lawyer that frequently collects or attempts to collect debts.

26. Defendant Mr. Stuart's law practice's principal purpose is the collection of debts.

27. Defendant Mr. Stuart is a high volume debt collector.

28. Defendant CITIZENS BANK, NA ("Citizens") is national bank with its primary place of business located at 1 Citizens Plz, Providence, RI 02903, and does business within the State of Georgia, particularly within Gwinnett County, Georgia.

29. Defendant Citizens regularly engages in the origination, servicing, and collection of consumer debt, actively collecting consumer debts in the State of Georgia.

30. Stuart Law and Mr. Stuart act as Citizens' agents in the collection of debts, and were acting as Citizens' agents at the times the events described in this Complaint took place.

## FACTS RELEVANT TO ALL COUNTS

31. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692(a)(3), as he is a natural person who Defendants alleged were obligated to pay a consumer debt.

32. On July 29, 2007, Plaintiff allegedly incurred a financial obligation to Defendant Citizens in the form of a loan in the amount of $8,196.72 (the "Debt").

33. The Debt is alleged to have arisen from one or more transactions.

34. The Debt was related to Plaintiff's education and was primarily for personal, family, or household purposes.

35. The Debt was in default prior to March 10, 2022.

36. On March 10, 2022 Defendant Citizens, by and through their debt collection counsel at the time, Weltman, Weinberg & Reis Co., LPA, sent Plaintiff a dunning letter.

37. On April, 14, 2022 Plaintiff retained counsel to defend against Defendant Citizens' debt collection efforts.

38. Plaintiff paid his legal counsel an up-front fee to represent him and defend against the collection efforts of the Debt.

39. One of Plaintiff's primary reasons for hiring an attorney to represent him was to provide relief from the stress of having to deal directly with Defendants' communications.

40. On April 22, 2022 Plaintiff's counsel mailed Weltman, Weinberg & Reis Co., LPA a letter notifying them of Plaintiff's representation by counsel and requesting validation of the Debt.

41. On May 16, 2022 Weltman, Weinberg & Reis Co., LPA sent a response letter to Plaintiff's counsel, acknowledging receipt of Plaintiff's counsel's letter.

42. Shortly thereafter, Plaintiff's counsel was advised by Weltman, Weinberg & Reis Co., LPA that the Debt had been assigned to Defendants Stuart Law and Mr. Stuart.

43. On July 14, 2022, Plaintiff's counsel called Stuart Law and spoke to one of the firm's staff, Ms. Thomas. Plaintiff's counsel advised Ms. Thomas of his representation of Plaintiff and began settlement negotiations.

44. Between July 18, 2022 and July 25, 2022, Plaintiff's counsel had 2 additional phone conversations with Stuart Law discussing potential settlement of the Debt.

45. On August 11, 2022 Plaintiff received a dunning letter sent directly from Defendants to Plaintiff's home, addressed to Plaintiff personally and not to his attorney. A true and correct copy of the letter is attached hereto as Exhibit "A."

46. Plaintiff's counsel never gave Defendants authorization to contact Plaintiff directly.

47. Upon receipt of the dunning letter, Plaintiff was extremely distressed, believing that his efforts to employ an attorney to defend him against Defendants' debt collection efforts were failing, and that he would still have to deal with Defendants' directly himself even after he had paid money to hire an attorney for that purpose.

48. Defendants' direct contact with Plaintiff after he hired an attorney caused him to feel he had wasted his money in paying an attorney to represent him.

49. The foregoing acts and omissions of Defendants have caused Plaintiff fear, worry, anxiety, and other emotional distress.

50. Defendants' direct contact with Plaintiff with knowledge that he was represented by counsel constitute a knowing and willful violation of the State bar of Georgia's Rule of Professional Conduct 4.2.

## COUNT I
## Violation of FDCPA § 1692c

51. The dunning letter sent by Defendants directly to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

52. Defendants Stuart Law and Mr. Stuart communicated directly with Plaintiff in violation of 15 U.S.C. § 1692(c) by sending Plaintiff a letter after they knew that Plaintiff was represented by legal counsel.

53. Plaintiff did not give Defendants consent to communicate directly with Plaintiff.

54. Plaintiff's attorney did not give consent to Defendants' direct communication with Plaintiff.

55. No court of competent jurisdiction gave Defendants express permission to communicate directly with Plaintiff.

## COUNT II
## Violation of FDCPA § 1692f

56. Defendants Stuart Law and Mr. Stuart used unfair or unconscionable means to attempt to collect the Debt in violation of 15 U.S.C. § 1692f by sending a dunning

letter directly with Plaintiff without permission after they knew Plaintiff was represented by legal counsel.

## COUNT III
### Violation of the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390, *et seq*.

57. Plaintiff incurred the Debt as a result of engaging into "[c]onsumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

58. Defendant Citizens' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

59. Defendant Citizens' actions and omissions violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. as detailed herein.

60. A violation of the FDCPA is also a violation of the FBPA. *See 1st Nationwide Collection Agency v. Werner*, 288 Ga. App. 457, 458-60 (2007).

61. Defendant Citizens' actions also independently violate the FBPA.

62. Defendant Citizens' sending a dunning letter directly with Plaintiff without permission after they knew Plaintiff was represented by legal counsel was unfair or deceptive.

63. Defendant Citizens' violation of the FBPA makes them liable to Plaintiff for the actual damages detailed above to be shown with more particularity at a later date. O.C.G.A. § 10-1-399(a).

64. Defendant Citizens' violation of the FBPA makes them liable to Plaintiff for "reasonable attorneys' fees and expenses of litigation incurred," "irrespective of the amount in controversy." O.C.G.A. § 10-1-399(d).

65. Defendant Citizens' intentional acts in violation of the FBPA also makes them liable to Plaintiff for treble damages. O.C.G.A. § 10-1-399(c).

66. Defendant Citizens' intentional acts in violation of Georgia's FBPA also makes them liable for "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-399(a), in an amount to be determined by the enlightened conscious of a jury.

## DAMAGES

67. As result of Defendants Stuart Law and Mr. Stuart's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

68. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

69. As a direct consequence of Defendants' acts and omissions, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, mental

anguish, fear, frustration, embarrassment, and other damages in an amount to be proven at trial.

70. As a direct consequence of Defendants' acts and omissions, Plaintiff has incurred the cost of hiring legal counsel to investigate and defend against Defendants' unlawful collection activity.

71. Defendants acted willfully and with malice, wantonness, oppression, or with that entire want of care which would raise the presumption of conscious indifference to the consequences of their actions, entitling Plaintiff to an award of punitive damages in an amount to be determined at trial.

WHEREFORE, PLAINTIFF prays for the following relief:

(a) Judgment finding Defendants Stuart Law and Mr. Stuart liable for violations of the Fair Debt Collection Practices Act and Defendant Citizens liable for violations of the Georgia Fair Business Practices Act;

(b) Actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1), and O.C.G.A. § 10-1-399(a);

(c) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692(k)(a)(2);

(d) Treble damages pursuant to O.C.G.A. § 10-1-399(c);

(e) Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k)(a)(3) and O.C.G.A. § 10-1-399(d);

(f) Punitive damages pursuant to O.C.G.A. § 10-1-399(a); and

(g) For such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated: October 21, 2022.

                                                                           Respectfully submitted,

| | |
|---|---|
| Honsalek Law, LLC | /s/ Brandon K. Honsalek |
| 414 Pine Grove Ave., 2nd Floor | Brandon K. Honsalek |
| Grayson, GA 30017 | Georgia Bar No. 742962 |
| Phone: 404-913-6992 | *Attorney for Plaintiffs* |
| Fax: 470-745-4141 | |
| Email: brandon@honsalek.com | |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

Respectfully submitted,

Honsalek Law, LLC  
414 Pine Grove Ave., 2nd Floor  
Grayson, GA 30017  
Phone: 404-913-6992  
Fax: 470-745-4141  
Email: brandon@honsalek.com

/s/ Brandon K. Honsalek  
Brandon K. Honsalek  
Georgia Bar No. 742962  
*Attorney for Plaintiffs*